| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: 02/16/2021 |

STEADFAST INSURANCE COMPANY,

                Plaintiff,

        v.

PORTSMOUTH JV,

                Defendant.

20-CV-8615 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      On February 1, 2021, the Court directed the parties to submit letters concerning (1) whether discovery should be stayed pending the Court's adjudication of Steadfast's motion to dismiss PJV's counterclaims; and (2) how the Court should resolve the question raised by PJV regarding whether Steadfast is a citizen of Illinois or Delaware, a question that bears on the Court's subject matter jurisdiction to hear this case. *See* Dkt. 18.

      First, the Court finds that Steadfast has not established that good cause exists for a stay of discovery. "The party seeking a stay of discovery bears the burden of showing good cause." *Mirra v. Jordan*, No. 15-CV-4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (citing *Morien v. Munich Reinsurance America Inc.,* 270 F.R.D. 65, 66–67 (D.Conn. 2010)). The pendency of a dispositive motion does not, in and of itself, constitute good cause for a stay. *See Negrete v. Citibank, N.A.*, No. 15-CV-7250 (RWS), 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015). Instead, courts consider (1) the strength of the motion; (2) the risk that a delay will prejudice the party seeking discovery; and (3) the breadth of, and the burden of responding to, the discovery requests. *Id*. Here, although Steadfast appears to raise substantial arguments in its motion to dismiss, the Court does not find that on balance a stay of discovery is warranted. As PJV notes, the pending motion to dismiss is not even dispositive of the whole action but only of "PJV's demand for an award of attorneys' fees and costs in its Answer, and its claims for bad faith and extra-contractual damages in the form of attorneys' fees in its Counterclaim." *See* Dkt. 16-10 (Steadfast's motion to dismiss brief). This fact weighs against a stay during the pendency of the motion*. See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 (D.D.C. 2001) (citation omitted) ("[A] stay of discovery pending

determination of a motion to dismiss is rarely appropriate when the pending motion will not dispose of the entire case."). Moreover, the parties' submissions do not establish that discovery will be especially broad or burdensome. Under these circumstances, and in the interest of moving this litigation forward, the Court will permit discovery to proceed and will enter the case management plan proposed by the parties, with a post-discovery conference scheduled for September 3, 2021 at 11:30 a.m.

Second, the Court finds that Steadfast has presented information sufficient to satisfy the Court that Steadfast is, as it claims, a citizen of Illinois, and therefore that the Court may exercise diversity jurisdiction. The Complaint alleges that Steadfast is an Illinois insurance corporation. Dkt. 1 ¶ 3. To support this allegation, Steadfast has provided copies of (1) its certificate of authority from the Illinois Department of Insurance; (2) its articles of reorganization filed with the Illinois Department of Insurance, which states that the "principal office of the Company is to be located" in Cook County, Illinois; and (3) its certificate of conversion from a Delaware corporation to a non-Delaware entity filed with the Delaware Secretary of State. *See* Dkts. 19-1, 19-2, 19-3. The Court appreciates that PJV raised this jurisdictional issue and brought to the Court's attention the inconsistencies in Steadfast's representations to a variety of courts. On the basis of the information now provided by Steadfast, however, the Court is prepared to operate on the understanding that it possesses jurisdiction. If PJV continues to harbor doubts as to Steadfast's state of citizenship, it may file an appropriate motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).

SO ORDERED.

Dated:   February 16, 2021
         New York, New York

                                              RONNIE ABRAMS
                                              United States District Judge